
McCARTER & ENGLISH
ATTORNEYS AT LAW

November 5, 2019

**VIA ECF**

Hon. Madeline Cox Arleo, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Joseph Lubertazzi, Jr.
Partner
T. 973-639-2082
F 973-297-3940
jlubertazzi@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

STAMFORD

NEW YORK

NEWARK

EAST BRUNSWICK

PHILADELPHIA

WILMINGTON

WASHINGTON, DC

Re: *Federal Home Loan Mortgage Corp. v. Levine, et al.*
Civil Action No. 19-cv-17421-MCA-LDW

*JLS Equities LLC v. River Funding LLC, et al.*
Civil Action No. 19-cv-17615-MCA-LDW

*U.S. Bank National Ass'n v. Englewood Funding, LLC, et al.*
Civil Action No. 19-cv-17865-MCA-LDW

*Wells Fargo Bank, National Ass'n v. Levine, et al.*
Civil Action No. 19-cv-17866-MCA-LDW

*Privcap Funding LLC v. Levine, et al.*
Civil Action No. 19-cv-18122-MCA-LDW

*Wilmington Sav. Fund Soc., FSB v. Levine, et al.*
Civil Action No. 19-cv-18137-MCA-LDW

Dear Judge Arleo:

The Court is aware of the limited involvement that our office has had in these proceedings without entering an appearance on behalf of Defendant Seth Levine. We write in connection with an issue that has arisen.

Reference is made to this Court's appointment of Colliers International NJ LLC as the rent receiver for the subject real properties (the "Receiver"). Pursuant to paragraph 14 of this Court's Orders, any party to these litigations may "apply to this Court for further and other instruction" concerning the appointment of the Receiver; accordingly, we write to seek clarification of the powers granted to the Receiver. We furthermore request that the Court address this issue generally at the upcoming status conference on November 6, 2019 at 2 p.m.

Hon. Madeline Cox Arleo, U.S.D.J.
November 5, 2019
Page 2

The Court's appointment of the Receiver

For the Court's convenience, attached hereto as Exhibit A is a copy of the Preliminary Injunction entered by the Court in *Federal Home Loan Mortgage Corp. v. Levine*. The Preliminary Injunction authorized the Receiver:

- "to take and have control, possession and custody of the Properties and all tenant security deposits and any rents, profits or proceeds therefrom, including any such rents, profits or proceeds that are now due and unpaid or which in the future become due" (Exhibit A, ¶3);

- "to take and have complete and exclusive control of the assets and properties of the Borrowers" (Id., ¶5);

- "to manage, maintain, preserve and repair the Properties, including taking the following actions: (a) Taking appropriate measures to prevent illegal activities at the Properties; (b) Paying all taxes related to the Properties; (c) Paying all expenses necessary to operate, manage, maintain and repair the Properties; (d) Maintaining the Properties in good repair; (e) Preventing waste or the impairment or deterioration of the Properties; and (f) Maintaining the required insurance coverage in relation to the Properties and, if necessary, to make claims under those policies" (Id., ¶6); and

- "to institute and carry on all legal proceedings necessary for the protection of the Properties, and to institute and prosecute suits for the collection of rents now due or hereafter to become due, and to institute and prosecute summary proceedings for the removal of any tenants or other persons therefrom and to retain counsel to prosecute such summary proceedings" (Id., ¶7).

With regard to a sale of the properties, paragraph 15 of the Preliminary Injunction provides "[a]t such time, if any, that this Court authorizes a sale of either of the Properties, the Receiver shall, in conformity with such Orders as may be made by this Court, proceed to and have authority to sell such Property as upon execution, or otherwise provided; however, the Receiver shall not seek to sell either of the Properties upon which Freddie Mac has a mortgage, except on notice to and consent of Freddie Mac." Id., ¶15 (emphasis added).

Finally, the Preliminary Injunction ordered that Mr. Levine and the owners of the properties shall "[r]efrain from interfering with the Receiver's possession and management of the Properties." Id., ¶8(c)(emphasis added).

Hon. Madeline Cox Arleo, U.S.D.J.
November 5, 2019
Page 3

Efforts to sell the real properties

The subject real properties continue to be owned by the limited liability companies, of which Mr. Levine is a member.[1] As the owner of the properties, the limited liability companies can sell their real properties. In that regard, the limited liability companies have engaged The Kislak Company to market and sell the real properties. There is nothing in the Preliminary Injunction attached hereto as Exhibit A which prevents the limited liability companies from selling their real properties to generate proceeds and repay the lenders. In fact, the Federal Home Loan Mortgage Corp. has acknowledged that "it will have to look to the value of the Properties to recover its loan investment given that the Levine Defendants may be unable to pay any money judgment entered in this case". See Brief in support of Freddie Mac's Application for Entry of an Order to Show Cause Appointing a Receiver and with Temporary Restraints and for Entry of a Preliminary Injunction [Docket No. 1-20], p. 10. Thus, selling the properties potentially is in everyone's best interest, and the parties should be jointly working towards that goal. Regrettably, the Receiver is frustrating the ability of the property owners to sell their properties.

Attached hereto as Exhibit B is a copy of a letter from counsel to the Receiver dated October 31, 2019. In this letter, counsel highlights that the Receiver has " 'complete and exclusive control' of the assets and properties" and "Mr. Levine himself, shall refrain from interfering with the Receiver's management and possession of the subject properties." Exhibit B, p. 2, ¶1. There is, however, no evidence of interference with the Receiver's management and possession of the properties.

The Receiver furthermore

> demands that Mr. Levine, and his agents and entities, including but not limited to Kislak, immediately cease and desist from taking any action with respect to any Property within the receivership. In the event that Mr. Levine or any other person wishes to visit the Properties, interface with the Receiver's agents or the Properties' tenants, or take any other action relevant to the Properties, advance notice must be supplied and the Receiver's written consent must be requested and obtained.

---

[1] Notably, when the Federal Home Loan Mortgage Corp. applied for the appointment of a rent receiver, it affirmatively stated that "[t]his case is not a mortgage foreclosure". See Brief in support of Freddie Mac's Application for Entry of an Order to Show Cause Appointing a Receiver and with Temporary Restraints and for Entry of a Preliminary Injunction [Docket No. 1-20], n.1. Therefore, title to the properties remains with the limited liability companies and has not been transferred to the lenders or somehow to the Receiver.

Hon. Madeline Cox Arleo, U.S.D.J.
November 5, 2019
Page 4

Exhibit B, p. 2, ¶3.  Counsel is careful not to say that the limited liability companies cannot sell their properties because counsel is aware that a property owner has every right to sell property that it owns.

Information available to Mr. Levine (admittedly hearsay) suggests that representatives of the Receiver have affirmatively stated that (i) the Receiver has the right of first refusal in connection with any sale of the properties and (ii) the limited liability companies that own the properties have no say in whether their properties can be sold.  To the extent such statements have been made, they are improper.

The Receiver should be reminded that the appointment of the Receiver was solely to manage the properties.  It was not, and it is not necessary for the Receiver to duplicate the sale efforts of the property owners.  After all, there is no good reason to restrict a property owner from selling its own property to repay debts, and indeed, there is nothing in the Preliminary Injunction entered by the Court which prohibits sale efforts by the property owners.  In fact, in reviewing the memorandum of law submitted in support of the appointment of a rent receiver, there is no law cited in the memorandum which grants the Receiver the sole authorization to sell the properties or which allows the Receiver to interfere with property owner's efforts to sell their properties.  See Brief in support of Freddie Mac's Application for Entry of an Order to Show Cause Appointing a Receiver and with Temporary Restraints and for Entry of a Preliminary Injunction [Docket No. 1-20].  There was merely one paragraph in the proposed Order appointing the rent receiver which granted the Receiver "authority to sell" the properties, which sale will be authorized by the Court. See Exhibit A, ¶15.  There is nothing in the Order which prohibits the property owners from selling the properties that they own; therefore, there is no support for the Receiver's demand that Mr. Levine "immediately cease and desist" from marketing the properties for sale.

From the Receiver's perspective, it appears that selling the properties falls within the Receiver's power to "manage" and "possess" the properties.  On the other hand, it is the position of the property owners that selling the properties is separate and apart from management and possession of the subject properties.

Hon. Madeline Cox Arleo, U.S.D.J.
November 5, 2019
Page 5

To resolve this dispute, we respectfully request that the Court (i) set a briefing schedule for the parties to submit written positions addressing the sale of the properties and (ii) clarify any limitations that exist in selling the properties. So long as there is no interference with the Receiver's management and possession of the properties, presumably, the lenders desire that the properties be sold to repay the indebtedness.

Respectfully submitted,

/s/ Joseph Lubertazzi, Jr.

Enclosures

cc:   All counsel of record (via ECF and email)

# EXHIBIT A

MEI 9768624v.1

Case 2:19-cv-18122-MCA-LDW  Document 17  Filed 11/05/19  Page 7 of 15 PageID: 432
Case 2:19-cv-17421-SDW-LDW  Document 10  Filed 09/06/19  Page 1 of 5 PageID: 532
Case 2:19-cv-17421-SDW-LDW  Document 1-19  Filed 08/29/19  Page 1 of 5 PageID: 345

**LANDMAN CORSI BALLAINE & FORD P.C.**
One Gateway Center, Suite 400
Newark, New Jersey 07102-5388
(973) 623-2700
Attorneys for Plaintiff
Federal Home Loan Mortgage Corp.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------X

FEDERAL HOME LOAN MORTGAGE CORP.,

         Plaintiff,

v.

SETH LEVINE, BENTLEY NORSE LIMITED LIABILITY COMPANY, PA WATSON VENTURES, LLC, NORSE HOLDINGS, LLC, PARK NATIONAL CAPITAL FUNDING LLC, HERBERT TEPFER AND ACTF II NEW JERSEY LLC,

         Defendants.

------------------------------------------------------------X

Civil Action No. _____

**PRELIMINARY INJUNCTION**

THIS MATTER having come before the Court on Plaintiff Federal Home Loan Mortgage Corp.'s ("Freddie Mac") by way of Verified Complaint and an Order to Show Cause, with temporary restraints, seeking the entry of a preliminary injunction, and the Court have set a return date of the Order to Show Cause of Sept 6 2019, and Defendants having not filed an objection to application for entry of a preliminary injunction, and the Court having read and considered the parties' submissions, and the Court having found good cause for the entry of a preliminary injunction as further set forth on the record on Sept 6, 2019

IT IS on this 6 day of Sept 2019 ORDERED as follows that pending full and final resolution of all claims in this case:

    1.    Freddie Mac's application for entry of a preliminary injunction is **GRANTED**.

Case 2:19-cv-18122-MCA-LDW Document 17 Filed 11/05/19 Page 8 of 15 PageID: 433
Case 2:19-cv-17421-SDW-LDW Document 10 Filed 09/06/19 Page 2 of 5 PageID: 533
Case 2:19-cv-17421-SDW-LDW Document 1-19 Filed 08/29/19 Page 2 of 5 PageID: 346

2. Colliers International is hereby appointed to act as Receiver for the multifamily properties located at 314-320 Watson Avenue, Perth Amboy, New Jersey ("the Perth Amboy Property") and 9 Bentley Avenue, Jersey City, New Jersey ("the Jersey City Property") (collectively referred to as "the Properties").

3. The Receiver is authorized to take and have control, possession and custody of the Properties and all tenant security deposits and any rents, profits or proceeds therefrom, including any such rents, profits or proceeds that are now due and unpaid or which in the future become due.

4. The tenants or other persons in possession of the Properties are directed to attorn to Receiver, and pay over to Receiver, all rents and fees that are now due and unpaid or which in the future become due.

5. The Receiver is authorized to take and have complete and exclusive control of the assets and properties of the Borrowers.

6. The Receiver is authorized and directed to manage, maintain, preserve and repair the Properties, including taking the following actions:

    (a) Taking appropriate measures to prevent illegal activities at the Properties;

    (b) Paying all taxes related to the Properties;

    (c) Paying all expenses necessary to operate, manage, maintain and repair the Properties;

    (d) Maintaining the Properties in good repair;

    (e) Preventing waste or the impairment or deterioration of the Properties; and

    (f) Maintaining the required insurance coverage in relation to the Properties and, if necessary, to make claims under those policies.

Case 2:19-cv-18122-MCA-LDW   Document 17   Filed 11/05/19   Page 9 of 15 PageID: 434
Case 2:19-cv-17421-SDW-LDW   Document 10   Filed 09/06/19   Page 3 of 5 PageID: 534
Case 2:19-cv-17421-SDW-LDW   Document 1-19   Filed 08/29/19   Page 3 of 5 PageID: 347

7. The Receiver is authorized and directed to institute and carry on all legal proceedings necessary for the protection of the Properties, and to institute and prosecute suits for the collection of rents now due or hereafter to become due, and to institute and prosecute summary proceedings for the removal of any tenants or other persons therefrom and to retain counsel to prosecute such summary proceedings.

8. Defendants Bentley Norse Limited Liability Company ("Bentley Norse"), PA Watson Ventures LLC ("PA Watson"), Norse Holdings, LLC ("Norse Holdings") and Seth Levine ("Levine") are immediately required to:

   (a) Deliver and turn over to the Receiver all rents, income and monies now on deposit with them as rent security associated with the Property;

   (b) *to extent available,* Make available copies of all books and records necessary for the Receiver to discharge its duties as to the Properties, including all valid and existing leases and rent rolls together with any and all other papers affecting the rental and other operation of the Properties or any parts thereof; and

   (c) Refrain from interfering with the Receiver's possession and management of the Properties.

9. Pursuant to Local Civ. R. 66.1(g), the Receiver is ~~authorized~~ *only* to employ such attorney, counsel or accountant as may be necessary to perform the actions authorized by this Order, *By application to and Order of the Court.*

10. Pursuant to Local Civ. R. 66.1(e), all funds obtained by the Receiver shall be deposited in Capital One Bank until the further order of the Court. A certified copy of this Order shall be filed with such depository institution. Funds so deposited shall be withdrawn only by check or warrant, serially numbered, signed by the Receiver. Each check or warrant shall have

3

4810-9893-0851v.1

Case 2:19-cv-18122-MCA-LDW   Document 17   Filed 11/05/19   Page 10 of 15 PageID: 435
Case 2:19-cv-17421-SDW-LDW   Document 10   Filed 09/06/19   Page 4 of 5 PageID: 535
Case 2:19-cv-17421-SDW-LDW   Document 1-19   Filed 08/29/19   Page 4 of 5 PageID: 348

written on its face the abbreviated title and docket number of the case and a brief statement of the purpose for the disbursement. The Receiver shall keep a record of all checks drawn and shall be responsible for determining the propriety of each disbursement. The account or accounts at Capital One Bank shall relate solely to the Properties. The Receiver shall furnish Freddie Mac's attorney with a monthly statement of receipts and expenditures or the receivership, together with copies of the monthly statements received from Capital One Bank.

11. Pursuant to Local Civ. R. 66.1(d), the Receiver shall, within 60 days after this appointment, file with the Clerk an inventory of the entire estate in its care, and of the manner in which funds of the estate are invested or deposited. On or before the 15th day of the month following appointment and every three months thereafter (or more frequently if ordered by the Court), file with the Clerk a schedule of receipts and disbursements for such period and a statement from Capital One Bank showing the balance on hand.

12. The Receiver shall furnish Freddie Mac, with a copy to Freddie Mac's attorney *and all parties*, by the 15th day of each calendar month for which this Order is in effect, with a statement of case, statements of receipts and expenditures, and bank statements for both security deposits and operating accounts for the Properties.

13. The Receiver shall be reasonably compensated as approved by this Court or otherwise pursuant to the further order of this Court.

14. The Receiver and any party hereto may, at any time, upon notice to all parties who have appeared in this action, apply to this Court for further and other instruction and for further powers necessary to enable said Receiver to properly fulfill its duties.

15. At such time, if any, that this Court authorizes a sale of either of the Properties, the Receiver shall, in conformity with such Orders as may be made by this Court, proceed to and have

Case 2:19-cv-18122-MCA-LDW Document 17 Filed 11/05/19 Page 11 of 15 PageID: 436
Case 2:19-cv-17421-SDW-LDW Document 10 Filed 09/06/19 Page 5 of 5 PageID: 536
Case 2:19-cv-17421-SDW-LDW Document 1-19 Filed 08/29/19 Page 5 of 5 PageID: 349

authority to sell such Property as upon execution, or otherwise provided; however, the Receiver shall not seek authority to sell either of the Properties upon which Freddie Mac has a mortgage, except on notice to and consent of Freddie Mac.

16. Nothing in this Order shall be interpreted to permit the Receiver to impair or otherwise interfere with the rights of Freddie Mac as a secured lender with respect to the loans entered into by Freddie Mac and Defendants Levine, Bentley Norse, and/or PA Watson, which are secured by properties that are owned, controlled or managed by Defendants Levine, Bentley Norse, PA Watson and/or Norse Holdings ("Plaintiff's Loans"). ~~The Receiver is ordered to manage the Properties in a way that ensures that Freddie Mac is paid timely with respect to Plaintiff's Loans.~~

_____
U.S.D.J.

16 A status confrnce is scheduled for Nov 6 2019 at 2pm.

# EXHIBIT B

ME1 9768624v.1

# Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax (973) 643-6500

101 Park Avenue, 28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

Joshua N. Howley, Esq.
Member
Direct Dial: 973-643-5341
Email: jhowley@sillscummis.com

100 Overlook Center, 2nd Floor
Princeton, NJ 08540
Tel: (609) 227-4600
Fax: (609) 227-4646

October 31, 2019

**VIA EMAIL & U.S. MAIL**

Jacob Kaplan, Esq.
Brafman & Associates, P.C.
767 3rd Ave.
New York, New York 10017-2023

Joseph Lubertazzi, Jr., Esq.
McCarter & English
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

Re:   *Federal Home Loan Mortgage Corp. v. Levine, et al.*
      Civil Action No. 19-cv-17421-MCA-LDW

      *JLS Equities LLC v. River Funding LLC, et al.*
      Civil Action No. 19-cv-17615-MCA-LDW

      *U.S. Bank National Ass'n v. Englewood Funding, LLC, et al.*
      Civil Action No. 19-cv-17865-MCA-LDW

      *Wells Fargo Bank, National Association v. Levine, et al.*
      Civil Action No. 19-cv-17866-MCA-LDW

      *Privcap Funding LLC v. Levine, et al.*
      Civil Action No. 19-cv-18122-MCA-LDW

      *Wilmington Sav. Fund Soc., FSB v. Levine, et al.*
      Civil Action No. 19-cv-18137-MCA-LDW

Dear Counsel:

    As you know, this Firm is counsel for Colliers International NJ LLC, the court-appointed rent receiver pursuant to the Orders entered in each of the referenced matters (the "Receiver"). Pursuant to the six Orders appointing the Receiver entered by the Hon. Madeleine Cox Arleo,

**Sills Cummis & Gross**
A Professional Corporation

Jacob Kaplan, Esq.
Joseph Lubertazzi, Jr., Esq.
October 31, 2019
Page 2

U.S.D.J. in the matters referenced above, the Receiver has been appointed as the rent receiver for approximately 70 multifamily residential properties (together the "Properties") identified in each of the six Orders, copies of which have been previously provided to you.

Pursuant to the Orders, among other things, the Receiver has "complete and exclusive control" of the assets and properties of the defendants-borrowers that defendant Seth Levine previously operated. Further, the Orders provide that the defendants-borrowers, of which Mr. Levine is a member, and Mr. Levine himself, shall refrain from interfering with the Receiver's management and possession of the subject properties. Lastly, the Orders endow the Receiver with the power to sell the properties within the receivership.

We recently learned that Mr. Levine has purportedly executed an "exclusive" agreement with The Kislak Company ("Kislak") in an attempt to market and sell some or all of the properties in Mr. Levine's real estate portfolio, including those that are the subject of the referenced actions. In this regard, Kislak's representatives have apparently been visiting the properties, speaking with property managers and tenants, and undertaking to obtain information and assistance without advising the Receiver or obtaining its consent. Additionally, and although Defendants have been ordered to provide all relevant records to the Receiver, no information or notification was supplied to the Receiver that Mr. Levine had consummated an agreement with Kislak or that he was continued efforts thereunder. This behavior is entirely improper, especially considering that Mr. Levine and Kislak are well aware that approximately 70 of Mr. Levine's properties are in receivership and that Mr. Levine and the owners of these Properties are enjoined from engaging in conduct that disrupts the Receiver's management functions.

The Receiver therefore demands that Mr. Levine, and his agents and entities, including but not limited to Kislak, immediately cease and desist from taking any action with respect to any Property within the receivership. In the event that Mr. Levine or any other person wishes to visit the Properties, interface with the Receiver's agents or the Properties' tenants, or take any other action relevant to the Properties, advance notice must be supplied and the Receiver's written consent must be requested and obtained.

We are available to discuss this further if you believe it necessary. All rights and remedies are expressly reserved and preserved. Be guided accordingly

Very truly yours,

*/s/ Joshua N. Howley*

Joshua N. Howley

**Sills Cummis & Gross**
A Professional Corporation

Jacob Kaplan, Esq.
Joseph Lubertazzi, Jr., Esq.
October 31, 2019
Page 3

cc:    All counsel of record for Plaintiffs
       Justin Lupo of Kislak
       Barry Waisbrod of Kislak
       Matt Weilheimer of Kislak
       (All via email only)

**Sills Cummis & Gross**
A Professional Corporation