UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRIVCAP FUNDING, LLC, A Florida Limited Liability Company,<br><br>          Plaintiff,<br><br>v.<br><br>SETH LEVINE, PASSAIC MAIN NORSE, LLC, ELIZABETH LOUISA VENTURES, LLC, NORTH BERGEN VENTURES, LLC, AMBOY LP VENTURES, LLC, PAVILION NORSE, LLC, 4318 KENNEDY PARTNERS, LLC, PERTH LP VENTURES, LLC, RIVERSIDE NORSE, LLC AND RED CLAY NORSE, LLC,<br><br>          Defendants. | Civil Action No.<br><br>19-18122 (MCA) (LDW)<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

**<u>LEDA DUNN WETTRE, United States Magistrate Judge</u>**

Before the Court is the application of Colliers International NJ LLC ("Colliers" or "Receiver"), the Court-appointed Receiver for the properties that are the subject of this action, to approve its interim fees, costs and expenses (including its attorneys' fees) and to compel payment of the same from plaintiff PrivCap Funding, LLC ("PrivCap"). (ECF No. 83). PrivCap, although it acknowledges it has incurred substantial fees and expenses to the Receiver, opposes the application in part. (ECF No. 85). After the completion of briefing on the motion, the Court directed supplemental letters. (ECF No. 89). Having now considered all of the foregoing submissions, and for good cause shown, the Court hereby **GRANTS** the Receiver's motion.

### I.   BACKGROUND

The Receiver manages approximately 70 multifamily properties that house more than 1,000 tenants.[1] At the time of the Receiver's initial appointment in September 2019, the properties were profoundly distressed and neglected. For these and other reasons, PrivCap and plaintiffs in related actions sought appointment of a receiver to protect the value of the properties, and the Court approved Colliers through forms of order negotiated by counsel.

The receivership has experienced substantial challenges. The Receiver had little management information available to it when it commenced its work. It had few leases or security deposits available to it, and the buildings had a host of poor living conditions that were causing tenants to withhold rent. The Receiver faced an array of fines, sanctions, hearings, lawsuits, repairs, and emergent matters for the eight properties at issue in this action, and the dozens of additional properties that were comparably distressed in the related actions, all of which required the Receiver's immediate attention.

And that was before the Covid-19 pandemic made matters worse. As a result of this new challenge, the properties required additional cleaning to address the public health threat, and a statewide moratorium on evictions gave little recourse to compel tenants to satisfy their rental obligations. Nevertheless, in this action, the Receiver and its court-appointed counsel at Sills, Cummis & Gross P.C. ("Sills Cummis") have gone completely uncompensated by PrivCap since their appointment through the filing of the instant motion – a period of nearly fourteen months.

---

[1]   The Receiver has been appointed in this and five other related actions, all of which are pending before the Honorable Madeline Cox Arleo, U.S.D.J. and the undersigned. *See Federal Home Loan Mortgage Corp. v. Levine, et al.*, Civ. A. No. 19-17421; *Wells Fargo Bank, National Association v. Levine, et al.*, Civ. A. No.19-17866; *U.S. Bank National Association v. Englewood Funding, LLC, et al.*, Civ. A. No. 19-17865; *JLS Equities, LLC v. River Funding, LLC, et al.*, Civ. A. No. 19-17615; and *Wilmington Sav. Fund Soc., FSB v. Levine, et al.*, Civ. A. No. 19-18137.

The Receiver's motion seeks the following interim compensation: (i) management fees incurred for the period from September 26, 2019 through October 31, 2020, with respect to five PrivCap properties - 1147 7th Street, North Bergen, New Jersey 07047; 285 Bertrand Avenue, Perth Amboy, New Jersey 08861; 112 N. Pavilion Avenue, Riverside, New Jersey 08075; 4318 Kennedy Blvd., Union City, New Jersey 07087; and 299 New Brunswick Avenue, Perth Amboy, New Jersey 08861 - in the amount of $89,240.00; (ii) management expenses incurred for the foregoing properties for the period from September 26, 2019 through November 11, 2020, in the amount of $279,473.18;[2] and (iii) counsel fees incurred for the period from September 26, 2019 through October 31, 2020, with respect to all of the PrivCap properties and not limited to the five above, in the amount of $129,905.73.  In total, the Receiver seeks an award of $498,618.91.

## II.    ANALYSIS

The Receiver's motion for approval and recovery of interim fees and expenses from PrivCap is governed by three Orders:  the Amended Receiver Order (ECF No. 40), the Order approving Sills Cummis & Gross P.C. to serve as counsel for the Receiver (ECF No. 7), and the Order approving the Receiver's fixed management fees (ECF No. 44).  PrivCap consented to entry of each of these Orders.

PrivCap acknowledges that it is indebted to the Receiver, yet has not paid any of the amounts the Receiver now moves to compel.  *See* PrivCap's Mem. in Opp. at 1 (ECF No. 85) ("[PrivCap] is not seeking to avoid having the Receiver or counsel paid.  The issue is when and how much?").  It makes three primary arguments in opposition to paying any of the Receiver's

---

[2]    Following PrivCap's objections to certain expenses, the Receiver offered to reconsider certain charges for the three PrivCap properties involved in more than one action before the Court – namely, the properties at 1041 Louisa St., 249 Main St., and 429 St. Mihiel.  Accordingly, the Receiver has withdrawn without prejudice that portion of its initial motion papers seeking outstanding management fees and expenses associated with those properties.

fees and expenses at present: that certain tasks undertaken by the Receiver's counsel were non-legal in nature and should have been handled by the Receiver itself at a lower fee, that the motion should be denied as premature because any payment of fees and expenses should be contingent on there being funds remaining after sale of the properties, and that the Receiver has not done enough to liquidate the assets. The Court addresses each contention in turn.

First, PrivCap complains that the Receiver's counsel performed certain non-legal tasks at high rates that unnecessarily drove up costs. The Court authorized Colliers to retain Sills Cummis as its counsel to perform a host of duties including, but not limited to, those enumerated in the October 9, 2019 letter from Sills Cummis attorney Joshua N. Howley, which duties were incorporated by reference into the initial Receiver Order. (ECF Nos. 6, 7). For apparently the first time on this motion, PrivCap contends in opposition to the Receiver's motion that certain tasks undertaken by counsel should have been addressed instead by Colliers at a lower rate. For example, PrivCap objects that counsel undertook collection efforts with respect to tenants and the negotiation of residential and commercial leases. These tasks, however, were specifically contemplated in the Receivership Order as activities that would be undertaken by counsel. (*See* ECF No. 6, ¶ D(ii), (iii) and ECF No. 7) (permitting Receiver to obtain assistance of counsel for "instituting, prosecuting, and defending landlord-tenant, collection, or other legal actions that may be necessary" and "negotiating and consummating leases and other agreements with tenants, vendors, and other service providers"). And while PrivCap takes issue with the costs of these services performed by counsel, it consented to counsel's hourly rates prior to Court approval. In sum, plaintiff has not shown that counsel exceeded the scope of its permissible duties or exceeded its approved hourly rates in assisting the Receiver with these legal matters.

Second, PrivCap argues that a fee award would be premature as interim payments are not required and that the Receiver and its counsel must await sale of the properties before seeking to recoup fees and expenses. While the Amended Receiver Order does not explicitly provide a timetable for payment of fees of the Receiver and its counsel, it does provide that the "Receiver shall be reasonably compensated as approved by this Court or otherwise pursuant to the further order of this Court." (ECF No. 40, ¶ 25). This Court, with plaintiff's consent, approved the Receiver's request for compensation of a fixed management fee of $125.00 per month for each unit under management, with a minimum charge of $2,300.00 per month per property. (ECF No. 44). Similarly, with plaintiff's consent, the Court approved counsel's hourly rates. (ECF Nos. 6, 7). In effect, PrivCap argues that the Receiver, its counsel, and any third-party vendors should have their compensation deferred until the sale of the subject properties, and then be compensated only if the sales happen to be profitable. Although PrivCap does not dispute that lienholders in the related actions have made interim payments over the course of the receivership in excess of $3.5 million (ECF Nos. 90, 91), it apparently sees no inconsistency in its awaiting sale of the properties before paying the Receiver and its counsel for their work over the past year-plus.

No party other than PrivCap and JLS Equities LLC, both of which are represented by the same counsel, has contended that the Amended Receiver Order makes the Receiver's compensation contingent on excess funds remaining after sale of the properties. (*See* Receiver's Supp. Brief, ECF No. 90) ("In each of the four Related Actions, the plaintiffs and/or their loan servicers have made interim payments throughout the course of the receivership to satisfy various necessary expenses, including but not limited to expenditures to repair and maintain the properties, the agreed-upon fees owed to the Receiver, and attorneys' fees and expenses for the Receiver's counsel"). Neither the Receiver nor its counsel have agreed to have their compensation deferred

until the conclusion of this matter and dependent upon the profitability of the subject properties, and that is not a fair reading of the Receivership Orders. It was contemplated by the Court and every party other than PrivCap and JLS Equities LLC that the Receiver would be paid its fees and expenses on an ongoing basis. The Court therefore rejects this argument as contrary to the consented Receivership orders and the understanding of those orders shown by the parties' course of dealing for well more than a year now.

Finally, PrivCap posits that the Receiver should work uncompensated because it has violated its fiduciary duty by not immediately selling the properties. While the Receiver has authority to market the properties, and the parties have agreed upon a procedure to facilitate sale of the properties (ECF No. 64), that is far from the Receiver's sole duty. The Receiver is also required "to manage, oversee, operate, maintain, preserve and repair the Properties, and to undertake any action necessary to fulfill its duties in its discretion." (Amended Receiver Order ¶ 6, ECF No. 40). PrivCap's myopic view that the Receiver's main function is to sell the subject properties, and absent an immediate sale it has breached its fiduciary duties, overlooks that the value of the properties would plummet absent the Receiver's diligent work to make the buildings habitable and to keep them in a state of repair. Moreover, the Receiver makes a compelling argument that any "duty" it has to sell the property has been undermined by PrivCap itself, which apparently failed to cooperate in the sales process by refusing timely to sign a listing agreement the Receiver presented to it. (*See* Sussner Decl. Exh. 6, ECF No. 86-9). In any event, PrivCap demonstrates no abdication of duty by the Receiver that would justify denying it compensation for its work.

The Court further notes that PrivCap does not dispute the Receiver's showing that it failed to respond to numerous attempts by the Receiver to resolve various funding disputes (Sussner

6

Decl. Exh. 2, ECF No. 86-5), and indeed did not even return the Receiver's emails on many occasions (Sussner Decl. Exh. B, ECF No. 83-2). In light of this, and the Court's foregoing conclusions that PrivCap's arguments on this motion lack merit, the Court views plaintiff's belated complaints about the Receiver as little more than an effort to justify its failure timely to meet its obligations under the Orders the Court entered, the terms of which plaintiff acknowledges were heavily negotiated by counsel before they were presented to the Court for entry on consent. Going forward, should plaintiff object to any matter regarding the Receiver's management of the subject properties or any expense, it must first communicate its concern to the Receiver before presenting objections to the Court.

### III.   CONCLUSION

In accordance with the Receivership orders, Plaintiff is directed to compensate the Receiver for its management fees, costs and expenses, as well as its counsel's fees, a total of $498,618.91, broken down as detailed *supra* at page 3.   It is **SO ORDERED**.

The Clerk of Court is directed to terminate the motion at ECF No. 83.

Dated:  March 1, 2021

        *s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge