Jaimee Katz Sussner, Esq.
Joshua N. Howley, Esq.
SILLS CUMMIS & GROSS P.C.
Newark, New Jersey 07102
(973) 643-7000
*Attorneys for Court-Appointed Receiver*
*Colliers International NJ, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

--------------------------------------------------------x
: 
PRIVCAP FUNDING, LLC, A Florida :    Civil Action No. 19-cv-18122 (MCA)(LDW)
Limited Liability Company, :
:
:
Plaintiff, :    **ORDER APPROVING THE RECEIVER'S**
:    **SALE OF REAL PROPERTY FREE AND**
vs. :    **CLEAR, AUTHORIZING DISTRIBUTION**
:    **OF SALES PROCEEDS, AND GRANTING**
SETH LEVINE, PASSAIC MAIN NORSE, :    **OTHER RELATED RELIEF**
LLC; ELIZABETH LOUISA VENTURES, :
LLC; NORTH BERGEN VENTURES, LLC; :
AMBOY LP VENTURES, LLC; PAVILION :
NORSE, LLC; 4318 KENNEDY :
PARTNERS, LLC; PERTH LP VENTURES, :
LLC; RIVERSIDE NORSE, LLC AND RED :
CLAY NORSE, LLC, :
:
Defendants. :
--------------------------------------------------------x

     **THIS MATTER** having been opened to the Court by Sills Cummis & Gross P.C.,

attorneys for Colliers International NJ LLC, the Court-Appointed Receiver for the properties at

issue in the referenced actions ("**Colliers**" or the "**Receiver**"), pursuant to this Court's Orders

dated September 26, 2019, and amended by Order entered December 4, 2019 (together, the

"**Receiver Order**"), and May 29, 2020 (the "**Sales Procedures Order**"), for an Order (i)

approving the Receiver's sale of the properties owned by (1) Defendant North Bergen Ventures

("**NB Ventures**"), located at 1114 7th Street, North Bergen, New Jersey 08075, also known as Lot 44, Block 15 on the Tax Map of the Township of North Bergen (the "**NB Ventures Property**"), (2) Defendant Perth LP Ventures LLC ("**Perth LP**"), located at 299 New Brunswick Avenue, Perth Amboy, New Jersey 08861, being known and designated as Lot 5 as shown on a certain map entitled "Map of 216 Lots in the City of Perth Amboy," filed in the Middlesex County Clerk's Office on December 1, 1836 as Map No. 34 File No. 34 (the "**Perth LP Property**"), (3) Defendant Amboy LP Ventures LLC ("**Amboy LP**"), located at 285 Bertrand Avenue, Perth Amboy, New Jersey 08861, being known and designated as part of Lot 28 as shown on a certain map entitled "map of property of Mrs. Kate P. Bertrand, at Perth Amboy, NJ," dated August 29, 1904, which was filed in the Middlesex County Clerk's Office on September 6, 1904 as Map No. 391, File No. 391 (the "**Amboy LP Property**"), (4) Defendant 4318 Kennedy Partners, LLC ("**4318 Kennedy**"), located at 4318 Kennedy Boulevard, Union City, New Jersey 07087, also known as Lot 1, Block 254 on the Tax Map of the City of Union City (the "**4318 Kennedy Property**"), and (5) Defendant Pavilion Norse LLC ("**Pavilion Norse**")[1], located at 112 N. Pavilion Avenue, Riverside, New Jersey 08075, also known as Lot 9, Block 803 on the Tax Map of the City of Riverside (the "**Pavilion Norse Property**")[2], together with any improvements thereon and appurtenances therefrom, free and clear of all liens, claims, and encumbrances of any party purporting to hold secured debt or other interest in the Subject Properties ("**Interested Party/Parties**"); (ii) authorizing the Receiver to distribute the net proceeds from the aforementioned sale as set forth on the distribution schedule attached hereto as **Exhibit A**, subject to any changes in the payoff amounts owed to any Interested Party accruing

---

[1] Defendants NB Ventures, Perth LP, Amboy LP, 4318 Kennedy, and Pavilion Norse shall be referred to collectively herein as the "**Levine Defendants**."

[2] The NB Ventures Property, Perth LP Property, Amboy LP Property, 4318 Kennedy Property, and Pavilion Norse Property shall be referred to collectively herein as the "**Subject Properties**."

through the date of the closing on the sale of the Subject Properties (the "**Closing**") which will be reflected in a settlement statement issued in connection with the sale; and (iii) authorizing the Receiver to deposit any surplus proceeds into the Court and establishing the procedure for the Receiver's submission of a final accounting and discharge with respect to the Subject Properties; and notice of this motion to approve the sale of the Subject Properties free and clear, authorizing distribution of sale proceeds, and granting other related relief (the "**Motion**") having been duly served upon all defendants in this action, and all known Interested Parties alleging an interest in the Subject Properties; and the Court having considered the papers submitted in support of this Motion, and in opposition thereto, if any; and the Court having heard the arguments of counsel, if any; and this Court having determined that, based upon the foregoing, the Receiver is entitled to the requested relief; and for good cause shown:

IT IS on this ⎵ day of ⟋⟋⟋⟋ , 202⎵ FOUND AND DETERMINED, that:

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a).

B.    The Court has jurisdiction over this matter and the transactions contemplated by this Order pursuant to Fed. R. Civ. P. 66, the Receiver Order, and the Sales Procedure Order.

C.    Proper, timely, and sufficient notice of the Receiver's Motion was provided pursuant to the Sales Procedure Order. No other or further notice of the Motion is necessary. A reasonable opportunity to object or to be heard regarding the relief requested in the Motion has been afforded to all Interested Parties, including: (i) all parties, if any, who are known to claim a lien, claim, or interest in or upon any of the Subject Properties; and (ii) all lienholders and/or creditors who have filed a Notice of Appearance in this action.

D.       The Motion afforded a full, fair and reasonable opportunity for any entity or person to make a competing bid for the Subject Properties. As demonstrated by the record, the Subject Properties have been adequately marketed, and Colliers has conducted the sales process in compliance with applicable law and industry standards, and in a manner that was non-collusive, fair and reasonable, and conducted in good faith.

E.       The Receiver has advanced sound and sufficient business justification, and it is a reasonable exercise of its business judgment, to: (i) sell the NB Ventures Property on the terms and conditions set forth in the Agreement of Purchase and Sale, dated as of October 22, 2021, and as may be amended thereafter, between the Receiver, as Seller, and Fairview Management LLC, or its assignee, as Purchaser (the "**NB Ventures Buyer**") (the "**NB Ventures PSA**"); (ii) sell the Perth LP Property and Perth NB Property (together, the "**Perth Amboy Properties**") on the terms and conditions set forth in the Agreement of Purchase and Sale, dated as of October 6, 2021, and as may be amended thereafter, between the Receiver, as Seller, and Lipa Meisels, or her assignee, as Purchaser (the "**Perth Amboy Buyer**") (the "**Perth Amboy PSA**"); (iii) sell the 4318 Kennedy Property on the terms and conditions set forth in the Agreement of Purchase and Sale, dated as of October 6, 2021, and as may be amended thereafter, between the Receiver, as Seller, and Assets 4 Life, LLC, or its assignee, as Purchaser (the "**4318 Kennedy Buyer**") (the "**4318 Kennedy PSA**"); (iv) sell the Pavilion Norse Property on the terms and conditions set forth in the Agreement of Purchase and Sale, dated as of October 6, 2021, and as may be amended thereafter, between the Receiver, as Seller, and Lipa Meisels, or her assignee, as Purchaser (the "**Pavilion Norse Buyer**")[3] (the "**Pavilion Norse PSA**")[4] (together, the "**Purchase**

---

[3] The NB Ventures Buyer, Perth Amboy Buyer, 4318 Kennedy Buyer, and Pavilion Norse Buyer shall be referred to collectively herein as the "**Buyers**" for ease of reference

**Agreements**"); (v) consummate all transactions contemplated by the Purchase Agreements; and (vi) determine that each of the Buyers have provided sufficient proof of their financial ability to pay the purchase price for the Subject Properties.

F.     Consummation of the transactions contemplated by the Purchase Agreements is in the best interests of the Plaintiff/ First Priority Mortgagee PrivCap Funding, LLC ("**Plaintiff**"), the Levine Defendants, the other named defendants, the estate, and other Interested Parties.

G.     None of the Subject Properties are scheduled for Sheriff's Sale in connection with any State Court foreclosure action filed by the Plaintiff.

H.     The Receiver possesses the requisite authority to transfer the Subject Properties to the Buyer in accordance with this Order and the Purchase Agreements.

I.     The Purchase Agreements: (i) were proposed and entered into in good faith after arm's-length negotiation by the parties; and (ii) the consideration to be provided by the Buyers pursuant to the Purchase Agreements constitute reasonably equivalent value and fair consideration for the Subject Properties.

J.     Based upon the record, it appears that neither the Receiver nor the Buyers have engaged in any conduct that would cause or permit the Purchase Agreements or any transfer, assignment or conveyance thereunder to be avoided or rescinded.

K.     As a condition to the sales, the Buyers each require that the Subject Properties be sold free and clear of all liens and claims, other than those liabilities expressly assumed in the Purchase Agreements.

L.     The Buyers are not successors in interest to any of the Levine Defendants (as defined in the Sales Procedure Order), have not *de facto* or otherwise merged into any of the

---

[4] The NB Ventures PSA, Perth Amboy PSA, 4318 Kennedy PSA, and Pavilion Norse PSA shall be referred to collectively herein as the "**Purchase Agreements**."

Levine Defendants, and are not a mere continuation or substantial continuations of, or alter egos of, any of the Levine Defendants.

M.     There is no common identity between/among the Buyers and any of the Levine Defendants' incorporators, officers or directors.

N.     The transfers of the Subject Properties as contemplated by the Purchase Agreements (i) are or will be a legal, valid, and effective transfers of the Subject Properties in the receivership estate to the Buyers, and (ii) will vest in the Buyers all right, title, and interest of the Levine Defendants in and to the Subject Properties free and clear of all liens, judgments, claims, interests, and encumbrances.

O.     The Receiver may sell and transfer the Subject Properties to the Buyers free and clear of any and all interests in or liens, claims, or encumbrances upon the Subject Properties because all such Interested Parties: (i) have consented to the sales, or are deemed to have consented to the sales, by failing to object to the relief granted herein, (ii) could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of such interests, liens, judgments, claims, or encumbrances, or (iii) otherwise waived any purported right to challenge the sales.

P.     If any objections and/or responses to the Motion or the relief sought therein were asserted, such objections either have been rendered moot, resolved, or overruled, in whole or in part, in accordance with the findings, terms, and provisions of this Order.

Q.     Immediately upon the entry of this Order, this Order will constitute a final and appealable order with respect to the Subject Properties. The Court finds that there is no just reason for delay in the implementation of this Order, and the Closings of the sales of the Subject Properties pursuant to the Purchase Agreements may occur as soon as all the conditions

precedent to such Closings have been satisfied or waived in accordance with the terms and conditions of the Purchase Agreements.

     **NOW THEREFORE,** IT IS ORDERED and ADJUDGED as follows:

1.      The Receiver's Motion is GRANTED in its entirety. *utecf. No 76*

2.      All Interested Parties have had the opportunity to object to the relief granted by this Order and, to the extent that any objections have not been withdrawn or resolved by stipulation prior to the entry of this Order or are not resolved by the relief granted herein or as stated in the record, all such objections are hereby overruled.

3.      In accordance with the Sales Procedure Order, the terms and conditions of the Purchase Agreements (including all exhibits and schedules thereto, and all amendments and related agreements) are hereby approved in all respects, and the Receiver is hereby authorized and empowered to: (i) close on the sales of the Subject Properties to Buyers, or their designee, for the amounts identified in the Purchase Agreements, (ii) transfer title to the Subject Properties at such Closings, and (iii) execute deeds substantially in the form attached hereto as **Exhibit B** and all other Closing documents as required to accomplish the foregoing.

4.      In accordance with the Sales Procedure Order and *N.J.S.A.* 2A:50-31, the Subject Properties are to be sold and transferred by the Receiver pursuant to this Order, and shall be sold and transferred free and clear of all liens, claims, encumbrances, and interests, which are more fully set forth in **Exhibit C,** each of which shall be deemed discharged and of no further force or effect as to the Subject Properties following the Closings on such sales to the extent and with the same legal effect as if the Subject Properties had been sold at a foreclosure sale pursuant to a writ of execution, including the discharge from the Subject Properties of: (i) all liens, encumbrances, claims, security interests, and other interests that are junior in priority to Plaintiff's mortgage

liens and security interests; (ii) all equity or rights of redemption; and (iii) Plaintiff's mortgage liens and security interests, provided, however, that Plaintiff's mortgage liens and security interests shall only be discharged upon receipt by Plaintiff of the amounts set forth on **Exhibit A** attached hereto, as such amounts may be reasonably updated by Plaintiff and/or the Receiver prior to Closing.  Except as may be expressly permitted by the Purchase Agreements, and subject to any Interested Party's right to seek any surplus funds in the Court, all persons holding any liens, claims, encumbrances or interest of any kind and nature with respect to the Subject Properties are hereby barred from asserting such against the Buyers, their affiliates or designees, officers, directors, employees, agents, successors or assigns or their respective properties, including, without limitation, the Subject Properties.

5.    The proceeds of the sales, net of all ordinary and necessary Closing costs (including, without limitation, payment of the Receiver's and its counsel's fees and costs, real estate taxes and other municipal liens, all broker's commissions and expenses, and all other typical closing costs) shall be distributed at the Closing on the Receiver's sales of the Subject Properties in accordance with the distribution schedules annexed hereto as **Exhibit A**, subject to any additional amounts necessary to satisfy the secured lien/claim of any Interested Party accruing through the date of the Closings, including any amount the Receiver deems, in its discretion, appropriate as a holdback to pay any unbilled costs or expenses that accrued in connection with the Subject Properties during its receivership, including closing costs and post-closing obligations. The Buyer shall not be responsible to satisfy any of the Receiver's or its counsel's fees and costs subsequent to the Closing. Pursuant to Paragraph 12 of the Sales Procedure Order, the Receiver shall deposit any surplus proceeds with the Court, which shall be

distributed by the Court, upon application of any Interested Party, in accordance with the amount and priority of the liens and encumbrances on the Subject Property.

6.      From and after the Closings, all filing and recording officers are hereby authorized and directed to remove or expunge of record any and all liens, claims, encumbrances or other interests that were of record immediately prior to the Closings with respect to the Subject Properties. Parties with an interest in one or more of the Subject Properties are directed to execute such documents and take all other action as may be necessary to release their liens, claims, encumbrances or other interest on or against one or more of the Subject Properties. If any person that has filed financing statements or other documents or agreements evidencing liens or encumbrances on the Subject Properties shall not have delivered to the Buyers on or before five (5) days after the Closings, in proper form for filing and executed by the proper parties, termination statements, instruments of satisfaction, releases of all liens or other interests which the person has with respect to one or more of the Subject Properties, the Receiver and/or the Buyers are authorized to execute and file all such statements, instruments, releases and other documents on behalf of such person with respect to the affected Subject Properties, and may file or record, as necessary, with the appropriate County Clerk's and/or recorder's office. This Order may be (but shall not be required to be) recorded with the County Clerk's and/or recorder's office in which the Subject Properties are located by any party to this action, or the Buyers, in accordance with *N.J.S.A.* 46:16-1.1.

7.      If, pursuant to *N.J.S.A.* 54:32B-22C and *N.J.S.A.* 54:50-38 (the "**Bulk Sales Law**"), the Buyers have filed a Notification of Sale, Transfer, or Assignment in Bulk (C-9600) ("**Notification**") with the Director of the Division of Taxation in the Department of the Treasury of the State of New Jersey, Bulk Sale Section (the "**Department**"), the Department shall

recognize the Receiver as seller under the Purchase Agreements.  As such, the Department shall not require that any portion of the sale proceeds of Closing be held in escrow as may otherwise be required under the Bulk Sales Law, and shall issue a clearance letter to the Buyer(s) within ten (10) business days after the Department's receipt of the Notification pursuant to the Bulk Sales Law.

8.      Pursuant to *N.J.S.A.* 46:15-10 and *N.J.S.A.* 54A:8-8, the Receiver is exempt from the Realty Transfer Fee, and Buyers are exempt from the so-called "Mansion Tax" upon the Closing of the sale transactions described in the Purchase Agreements.

9.      This Order shall be binding upon the Receiver, the Plaintiff, the Levine Defendants, and all other named defendants or parties with an interest in one or more of the Subject Properties, and each of their successors and assigns and any affected third-parties, and all other persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons or entities who may be required by operation of law or by the duties of their office or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to the Subject Properties. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreements, including, without limitation, documents and instruments for recording in any governmental agency or department required to transfer the Subject Properties to the Buyers and all licenses under the Receiver's or Levine Defendants' ownership necessary for the operation of any

Subject Properties, and the county and state offices wherein terminations statements under the Uniform Commercial Code are authorized to be filed.

10.     The Receiver shall be, and hereby is, deemed to be discharged as the court-appointed Receiver for the Subject Properties, only, upon the occurrence of: (i) consummation of the sales contemplated by this Order, and (ii) delivery of a deed for each of the Subject Properties to Buyer thereof in the form annexed hereto as Exhibit B, subject only to the Receiver's obligation to file, and the Court's approval of, the Receiver's final accounting as set forth in Paragraph 11 below. This Order does not affect or disturb the Receiver's appointment in connection with any other property governed by the Receiver Order.

11.     Within thirty (30) days after the sales contemplated by this Order have consummated and title to the Subject Properties have transferred to Buyers, the Receiver shall be, and hereby is, directed to file with the Court and serve upon counsel for the Interested Parties the Receiver's final accountings. Objections, if any, to the final accountings shall be filed within five (5) business days thereafter. Absent an objection, the final accountings shall be deemed approved by the Court and the Receiver shall have no further obligations under the Receiver Order. If an objection is filed, the Court shall hold a hearing to resolve any issues.

12.     Upon approval of the Receiver's final accountings, the Receiver's bonds, if any, shall be terminated and all claims against the Receiver relating to the Subject Properties, the Receiver Order, or any other aspect of this or any of the related actions before the Court are barred.

13.     Upon approval of the Receiver's final accountings, the Receiver shall be, and hereby is, directed to remit to Plaintiff all excess funds on hand with the Receiver under the Receiver Order, if any, after satisfying any fees, costs, or expenses outstanding for the

receivership. Upon termination of the Receiver under this Order, the Receiver shall not have any obligation to pay any expenses, outstanding payables, or other liabilities related to the Subject Properties that accrue after the Closings, all of which shall be the sole and exclusive obligation of the Buyer(s).

14.     Notwithstanding anything herein to the contrary, the Receiver shall retain the right, power, and authority, in its capacity as the court-ordered Receiver, to execute and deliver any documents necessary to effectuate the Closings, and/or the transactions contemplated by the Purchase Agreements, as may be reasonably necessary effectuate the spirit and intent of the transactions.

15.     The Court shall retain jurisdiction over all matters arising from or related to the Purchase Agreements, the implementation thereof and this Order to resolve any disputes arising under or related to the foregoing.

HON. MADELINE COX ARLEO, U.S.D.J.

**EXHIBIT A**

**DISTRIBUTION SCHEDULE[5]**

**Property**: 1114 7th St., North Bergen, New Jersey
**Owner**: North Bergen Ventures LLC
**Purchase Price**: $799,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| PrivCap Funding, LLC ("Privcap") | Satisfaction of First Priority Mortgage, Assignment of Leases and Rents, UCC Financing Statements, Lis Pendens, and Mortgagee's Legal Fees ($994,246.95 as of 10/31/21) | The lesser of $994,246.95, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC | Court-appointed Receiver's Management Fees and Operating Expenses/Costs ($34,916.87 as of 11/8/21), Brokerage Commission ($31,960.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($7,040.71 as of 10/31/21) | $73,917.58 |
| Imperium Title Agency, agent for Stewart Title Guaranty Company | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[5] All projected distribution amounts in this **Exhibit A** are based upon the sales price for the Subject Property, and payoff statements, including the fees, expenses, and costs of any Interested Party. The payoff amounts are subject to change up to and including the date of the Closing.

**Property**:  (i) 299 New Brunswick Ave., Perth Amboy, New Jersey ("Perth LP Property")
           (ii) 285 Bertrand Ave., Perth Amboy, New Jersey  ("Amboy LP Property")
**Owner**:  (i) Perth LP Ventures, LLC
           (ii) Amboy LP Ventures, LLC
**Total Purchase Price**: $1,035,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| PrivCap Funding, LLC ("Privcap") | Satisfaction of First Priority Mortgage, Assignment of Leases and Rents, UCC Financing Statements, and Mortgagee's Legal Fees as to Perth LP Property ($641,118.51[6] as of 10/31/21); <br><br> Satisfaction of First Priority Mortgage, Assignment of Leases and Rents, UCC Financing Statements, and Mortgagee's Legal Fees as to Amboy LP Property ($862,687.41[7] as of 10/31/21) | The lesser of $1,503,805.92, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC | Court-appointed Receiver's Management Fees and Operating Expenses/Costs as to Perth LP Property ($85,022.25 as of 10/21/21), Court-appointed Receiver's Management Fees and Operating Expenses/Costs as to Amboy LP Property ($50,529.71 as of 10/21/21) Brokerage Commission ($41,400.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($6,600.62 as of 9/30/21) | $183,552.58 |
| Fidelity National Title Insurance Agency | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[6] Per diem interest: $216.67
[7] Per diem interest: $300.00

**Property**:  4318 Kennedy Blvd., Union City, New Jersey
**Owner**:  4318 Kennedy Partners LLC
**Purchase Price**: $716,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| PrivCap Funding, LLC ("Privcap") | Satisfaction of First Priority Mortgage, Assignment of Leases and Rents, UCC Financing Statements and Mortgagee's Legal Fees ($1,357,806.85 as of 10/31/21) | The lesser of $1,357,806.85, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC | Court-appointed Receiver's Management Fees and Operating Expenses/Costs ($23,520.18 as of 10/21/21), Brokerage Commission ($28,640.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($3,300.31 as of 9/30/21) | $55,460.49 |
| Fidelity National Title Insurance Agency | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

**Property**:  112 N. Pavilion Ave., Riverside, New Jersey
**Owner**:  Pavilion Norse, LLC
**Purchase Price**: $725,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| PrivCap Funding, LLC ("Privcap") | Satisfaction of First Priority Mortgage,[8] Assignment of Leases and Rents, UCC Financing Statements, Lis Pendens, and Mortgagee's Legal Fees ($2,122,808.14 as of 10/31/21) | The lesser of $2,122,808.14, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver and to BHI[9] |
| Colliers International NJ LLC | Court-appointed Receiver's Management Fees and Operating Expenses/Costs ($44,272.54 as of 10/21/21), Brokerage Commission ($14,500.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($3,300.31 as of 9/30/21) | $62,072.85 |
| State of New Jersey, Bureau of Housing Inspection ("BHI") | Judgment No. DJ-103251-15, entered on 7/7/15 against Pavillion Norse LLC | $45,465.00 |
| Fidelity National Title Insurance Agency | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[8] Per diem interest: $856.64
[9] Upon information and belief, the State of New Jersey, Bureau of Housing Inspection ("BHI") maintains a judgment lien that was docketed on July 15, 2015, which BHI contends encumbers the Subject Property and is senior in priority to PrivCap's mortgage. In the event any dispute to the proposed distribution schedule has not been resolved at the time of the Closing, the Receiver will escrow any disputed sale proceeds with the Court.

## EXHIBIT B

### FORM OF DEED

## QUIT CLAIM DEED

This Quit Claim Deed is made on _____, 20__,

**BETWEEN**

> **COLLIERS INTERNATIONAL NJ LLC, IN ITS CAPACITY AS THE COURT-APPOINTED RECEIVER** pursuant to that certain Amended Preliminary Injunction and Receivership Order, entered on December 4, 2019, in [_____] (the "Receivership Order"), having an address of _____, referred to as

> **GRANTOR**

**AND** _____, a _____, having an address of _____, referred to as

### GRANTEE

The word "Grantee" shall mean all Grantees listed above.

> **Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of _____ DOLLARS ($_____). The Grantor acknowledges receipt of this money.

> **Tax Map Reference.** (N.J.S.A. 46:15-1.1) Municipality of _____

Block No.  Lot No.                    Account No.

☐  No property tax identification number is available on the date of this Deed. (check box if applicable.)

> **Property.** The property consists of the land in the _____, County of _____ and State of New Jersey. The legal description is:

See Legal Description annexed hereto as Schedule "A" and made a part hereof.

**Type of Deed.**  This Deed is called a Quitclaim Deed.  The Grantor makes no promises as to ownership or title, but simply transfers whatever interest the Grantor has to the Grantee, subject to all matters listed on Schedule "B" attached hereto and made a part hereof.

**Authority.**  Grantor's authority to execute and deliver this Deed is given pursuant to that certain [＿＿＿＿＿＿＿＿＿], entered by the [＿＿＿＿＿＿＿＿＿] on [＿＿＿＿＿＿＿], 20＿＿[1], entered in [＿＿＿＿＿＿＿＿＿], and Grantor's execution and delivery of this Deed is strictly in its capacity as receiver pursuant to the Receivership Order.

[SIGNATURE ON FOLLOWING PAGE]

---

[1] Insert information related to the Sale Order.

**Signatures.** The Grantor signs this Deed as of the date at the top of the first page. If the Grantor is a corporation, this Deed is signed and attested to by its proper corporate officers and its corporate seal is affixed.

WITNESSED BY:                       **COLLIERS INTERNATIONAL NJ LLC, IN ITS CAPACITY AS THE COURT-APPOINTED RECEIVER** pursuant to that certain Amended Preliminary Injunction and Receivership Order, entered on December 4, 2019, in [_____]

_____        By: _____

                                               Name:

                                               Title:

STATE OF NEW JERSEY

COUNTY OF _____ SS.:

I CERTIFY that on _____, 20\_\_\_\_, _____, personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a)      was the maker of the attached Deed;

(b)      was authorized to and did execute this Deed as _____ of Colliers International NJ LLC, the Court-Appointed Receiver for the Property, pursuant to the Receivership Order, the Grantor named in this Deed;

(c)      signed, sealed and delivered this Deed as his or her voluntary act and deed;

(d)      made this Deed for S_____ as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5).

_____

Notary Public

**RECORD & RETURN TO:**

_____

_____

_____

**EXHIBIT C**

**SCHEDULE OF PURPORTED LIENS, CLAIMS, AND ENCUMBRANCES
IDENTIFIED IN TITLE COMMITMENTS**

**Property**:  1114 7th St., North Bergen, New Jersey
**Owner**:  North Bergen Ventures LLC

| Interested Party | Nature of Interest |
| --- | --- |
| PrivCap Funding, LLC ("PrivCap") | (i) Mortgage made by North Bergen Ventures LLC to PrivCap, dated 4/23/18 and recorded on 4/26/18 in Mortgage Book 19168, Page 387, in the amount of $600,000.00; (ii) Assignment of Leases and Rents made by North Bergen Ventures LLC to PrivCap, dated 4/23/18 and recorded on 4/26/18 in Mortgage Book 19168, Page 399; (iii) UCC Financing Statement made by North Bergen Ventures LLC, as debtor, and PrivCap, as secured creditor, recorded on 4/26/18 as Instrument No. 20180426110012290 ; and (iv) Notice of Lis Pendens recorded on 6/19/20, in Book 502, Page 940, and 8/4/20, in Book 503, Page 274, and any Final Judgment filed under Docket No. F-006098-20. |
| Stewart Title Guaranty Company ("Stewart") | (i) Mortgage made by North Bergen Ventures LLC to Nexus Capital Investments, LLC, dated 9/7/18 and recorded on 9/11/18 in Mortgage Book 19244, Page 494, in the amount of $675,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 10/24/18, in Book 1241, Page 898, and on 10/27/20 in Book 1261, Page 292; (ii) Assignment of Leases and Rents made by North Bergen Ventures LLC to Stewart, successor in interest to Nexus Capital Investments, dated 9/7/18 and recorded on 9/11/18 in Mortgage Book 19244, Page 525, as modified and/or assigned pursuant to Assignments of Financing Statement recorded on 3/11/20 in Book 1256, Page 224; and (iii) Notice of Lis Pendens recorded on 7/6/20, in Book 503, Page 37, and any Final Judgment filed under Docket No. F-001605-20. |
| Christiana T C/F CE1 / Firstrust | Tax Sale Certificate No. 19-00022, dated 10/25/19 and recorded on 12/18/19 in Mortgage Book 19519, Page 395 |
| A & A Cooperman LLC | Judgment No. J-81996-21, entered on 7/19/21, against North Bergen Ventures LLC, in the amount of $307,998.37 |

| Stewart Title Guaranty Company | Judgment No. J-9060-21, entered on 2/1/21, against North Bergen Ventures LLC, in the amount of $825,070.14 |
| --- | --- |
| Toledo Plumbing & Heating Inc. | Any judgments, liens, or liabilities encumbering the Subject Property |
| Bureau of Housing Inspection | Any and all judgments, liens, fines, or liabilities encumbering the Subject Property |
| State of New Jersey | Any and all judgments, liens, fines, or liabilities encumbering the Subject Property |

**Property**: 299 New Brunswick Ave., Perth Amboy, NJ
**Owner**: Perth LP Ventures LLC

| Interested Party | Nature of Interest |
|---|---|
| PrivCap Funding, LLC ("PrivCap") | (i) Mortgage made by North Bergen Ventures LLC to PrivCap, dated 3/8/19 and recorded on 4/3/19 in Mortgage Book 17460, Page 1979, in the amount of $325,000.00; (ii) Assignment of Leases and Rents made by North Bergen Ventures LLC to PrivCap, recorded on 4/3/19 in Mortgage Book 17460, Page 1991; (iii) UCC Financing Statement made by North Bergen Ventures LLC, as debtor, and PrivCap, as secured creditor, recorded on; (iv) Notice of Lis Pendens recorded on 6/1/20, in Book 17892, Page 205, 209, Notice of Lis Pendens recorded on 7/22/20 in Book 17954, Page 1700, 1705; and any Final Judgment filed under Docket Nos. F-6094-20 or 2:19-cv-18122. |
| US Bank Cust/Tower DB VIII | Tax Sale Certificate No. 18-00112, recorded on 2/22/19 in Book 17429, Page 1439. |
| US Bank Cust/Pro Cap 8/ Pro Cap/ ProCapital Mgt II | (i) Tax Sale Certificate No. 19-00165, recorded on 1/7/20 in Book 17741, Page 1996; and (ii) Notice of Lis Pendens recorded on 5/14/20, in Book O17874, Page 1118, and any Final Judgment filed under Docket No. F-6070-20 |
| US Bank Cust Pro Cap 8 Pro Cap | (i) Tax Sale Certificate No. 20-00044, recorded on 3/4/21 in Mortgage Book 18320, Page 1715; and (ii) Notice of Lis Pendens recorded on 6/7/21, in Book O18478, Page 688, and any Final Judgment filed under Docket No. F-2925-21 |
| Nexus Capital Investments LLC ("Nexus") | Memorandum of Agreement between Nexus, as Investor, and Amboy LP Ventures, LLC, as Owner, dated 7/24/18, recorded 8/7/18, in Book O17260, Page 893, Instrument No. 2018069426 |
| Toledo Plumbing & Heating Inc. | (i) Judgment No. J-100590-20, entered on 11/16/20, against Perth LP Ventures LLC, in the amount of $394.51; and (ii) Any other judgments, liens, or liabilities encumbering the Subject Property |

| Bureau of Housing Inspection | Any and all judgments, liens, fines, or liabilities encumbering the Subject Property |
|---|---|
| State of New Jersey | Any and all judgments, liens, fines, or liabilities encumbering the Subject Property |

**Property**: 285 Bertrand Ave., Perth Amboy, New Jersey
**Owner**: Amboy LP Ventures

| Interested Party | Nature of Interest |
|---|---|
| PrivCap Funding, LLC ("PrivCap") | (i) Mortgage made by North Bergen Ventures LLC to PrivCap, dated 7/24/18 and recorded on 8/6/18 in Mortgage Book 17258, Page 1406, in the amount of $450,000.00; (ii) Assignment of Leases and Rents made by North Bergen Ventures LLC to PrivCap, recorded on 8/6/18 in Mortgage Book 17258, Page 1419; (iii) UCC Financing Statement made by North Bergen Ventures LLC, as debtor, and PrivCap, as secured creditor, recorded on 8/6/18 in Book 17258, Page 1428; and (iv) Notice of Lis Pendens recorded on 6/1/20, in Book 17892, Page 209, and any Final Judgment filed under Docket No. F-006096-20. |
| Stewart Title Guaranty Company ("Stewart") | (i) Mortgage made by North Bergen Ventures LLC to Stewart, successor in interest to Nexus Capital Investments, LLC, dated 9/7/18 and recorded on 9/12/18 in Mortgage Book 17293, Page 575, in the amount of $472,500.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 10/24/18, in Book 17332, Page 712, and on 10/26/20 in Book 18093, Page 19; (ii) Assignment of Leases and Rents made by North Bergen Ventures LLC to Stewart, successor in interest to Nexus Capital Investments, recorded on 9/12/18 in Mortgage Book 17293, Page 607; and (iii) Notice of Lis Pendens recorded on 5/1/20, in Book 17863, Page 193, and any Final Judgment filed under Docket No. F-5506-20. |
| Jasmine T Sui | Tax Sale Certificate No. 18-00042, recorded on 2/1/19 in Book 17412, Page 1096 |
| Nexus Capital Investments LLC ("Nexus") | Memorandum of Agreement between Nexus, as Investor, and Amboy LP Ventures, LLC, as Owner, dated 7/24/18, recorded 8/7/18, in Book O17260, Page 893, Instrument No. 2018069426 |
| Toledo Plumbing & Heating Inc. | Any judgments, liens, or liabilities encumbering the Subject Property |

| Bureau of Housing Inspection | Any and all judgments, liens, fines, or liabilities encumbering the Subject Property |
|---|---|
| State of New Jersey | Any and all judgments, liens, fines, or liabilities encumbering the Subject Property |

**Property**: 4318 Kennedy Blvd., Union City, New Jersey
**Owner**: 4318 Kennedy Partners, LLC

| Interested Party | Nature of Interest |
|---|---|
| PrivCap Funding, LLC ("PrivCap") | (i) Mortgage made by 4318 Kennedy Partners, LLC to PrivCap, dated 2/27/19 and recorded on 3/1/19 in Mortgage Book 19340, Page 116, in the amount of $850,000.00; (ii) Assignment of Leases and Rents made by 4318 Kennedy Partners, LLC to PrivCap, recorded on 3/1/19 in Mortgage Book 19340, Page 126; and (iii) Notices of Lis Pendens recorded on 6/1/20, in Book 502, Page 936, and Book 503, Page 270, and any Final Judgment filed under Docket No. F-006093-20. |
| New York Community Bank ("NYCB") | (i) Mortgage made by ILB Associates, LLC to NYCB, dated 12/30/05 and recorded on 1/9/06 in Mortgage Book 13860, Page 170, in the amount of $468,750.00; (ii) Assignment of Leases and Rents made by ILB Associates, LLC to NYCB, recorded on 1/9/06 in Mortgage Book 13860, Page 185; and (iii) Notice of Lis Pendens recorded on 12/21/10, in Book 443, Page 595, and any Final Judgment filed under Docket No. F-56042-10. |
| PAM Investors | Tax Sale Certificate No. 19-00167, recorded on 9/11/19 in Book 19456, Page 186 |
| Toledo Plumbing & Heating Inc. | (i) Judgment No. J-100590-20, entered on 11/16/20, against 4318 Kennedy Partners LLC, in the amount of $765.03; and (ii) Any other judgments, liens, or liabilities encumbering the Subject Property |
| Bureau of Housing Inspection | Any and all judgments, liens, fines, or liabilities encumbering the Subject Property |
| State of New Jersey | Any and all judgments, liens, fines, or liabilities encumbering the Subject Property |

**Property**:  112 N. Pavilion Ave., Riverside, New Jersey
**Owner**: Pavilion Norse LLC

| Interested Party | Nature of Interest |
|---|---|
| PrivCap Funding, LLC ("PrivCap") | (i) Mortgage made by Pavilion Norse LLC to PrivCap, dated 12/31/18 and recorded on 1/16/19 in Mortgage Book 13371, Page 6001, in the amount of $1,200,000.00; (ii) Assignment of Leases and Rents made by Pavilion Norse LLC to PrivCap, recorded on 1/16/19 in Mortgage Book 13371, Page 6014; (iii) UCC Financing Statement made by Pavilion Norse LLC, as debtor, and PrivCap, as secured creditor, filed on 8/19/19 in Book 13403, Page 140; and (iv) Notice of Lis Pendens recorded on 6/22/20, in Book 13449, Page 7444, and any Final Judgment filed under Docket No. F-006092-20. |
| Hutton Ventures LLC ("Hutton") | (i) Mortgage made by Pavilion Norse LLC to Hutton, dated 12/11/15 and recorded on 8/19/19 in Mortgage Book 13403, Page 116, in the amount of $2,200,000.00; (ii) Assignment of Leases and Rents made by Pavilion Norse LLC to Hutton, recorded on 8/19/19 in Mortgage Book 13403, Page 113; (iii) UCC Financing Statement made by Pavilion Norse LLC, as debtor, and Hutton, as secured creditor, filed on 8/3/19 in Book 13405, Page 7810; and (iv) Notice of Lis Pendens recorded on 5/1/20, in Book 17863, Page 193, and any Final Judgment filed under Docket No. F-5506-20. |
| US Bank Cust Pro Cap 8 MGT II | (i) Tax Sale Certificate No. 20-00007, recorded on 12/14/20 in Book 13491, Page 734; and (ii) Notice of Lis Pendens recorded on 2/26/21 in Book 13506, Page 7654, and any Final Judgment filed under Docket No. F-836-21 |
| Toledo Plumbing & Heating Inc. | (i) Judgment No. J-100590-20, entered on 11/16/20, against Pavilion Norse LLC, in the amount of $9,383.63; and (ii) Any other judgments, liens, or liabilities encumbering the Subject Property |
| Bureau of Housing Inspection | (i) Judgment No. DJ-160988-19, entered on 10/17/19, against Pavilion Norse LLC, in the amount of $500.00; (ii) Judgment No. DJ-160989-19, entered on 10/17/19, against Pavilion Norse LLC, in the amount of $20,000.00; (iii) Judgment No. DJ-48105-19, entered on 4/18/19, against Pavilion Norse LLC, in |

| | |
|---|---|
| | the amount of $1,000.00; and (iv) Judgment No. DJ-48104-19, entered on 4/18/19, against Pavilion Norse LLC, in the amount of $75,238.00 |
| State of New Jersey | Any and all judgments, liens, fines, or liabilities encumbering the Subject Property |