<u>**CLOSING**</u>

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PRIVCAP FUNDING LLC,** *Plaintiff,* v. SETH LEVINE, PASSAIC MAIN NORSE, LLC, ELIZABETH LOUISA VENTURES, LLC, NORTH BERGEN VENTURES, LLC, AMBOY LP VENTURES, LLC, PAVILION NORSE, LLC, 4318 KENNEDY PARTNERS, LLC, PERTH LP VENTURES, LLC, RIVERSIDE NORSE, LLC, RED CLAY NORSE, LLC, MADISON PARK INVESTORS, LLC, and DEPARTMENT OF COMMUNITY AFFAIRS, *Defendants.* | Civil Action No. 19-18122 ORDER ADOPTING REPORT AND RECOMMENDATION |

**THIS MATTER** comes before the Court on appeal of the Magistrate Report and Recommendation (the "R&R"), which was filed in response to Plaintiff PrivCap Funding LLC's ("PrivCap" or "Plaintiff") Motion for Disbursement of Funds, ECF No. 139;[1]

and it appearing that the Honorable Leda Wettre issued the R&R on November 21, 2022, in which she recommended that the Motion be granted and PrivCap be awarded a sum of $45,000, ECF No. 152;

and it appearing that Defendant Department of Community Affairs, Division of Codes and Standards, Bureau of Housing Inspection ("the State") opposes the R&R, objecting to Judge Wettre's conclusion that Defendant would not be materially prejudiced by PrivCap's equitable subrogation, see ECF No. 153;

---

[1] The Court construed the Motion as one for summary judgment as to PrivCap's entitlement to the disputed sum of $45,000. See R&R at 1, ECF No. 139.

**CLOSING**

and it appearing that in Judge Wettre thoroughly recounted the mortgage history and explained that PrivCap was entitled to equitable subrogation because the doctrine allows for "the new lender [to] be deemed . . . substituted into the position of the prior mortgage holder by equitable assignment of the prior mortgage to give effect to the new lender's expectation and to prevent unjust enrichment of the junior encumbrances" where the new lender "loans or advances funds to pay off an existing mortgage or other encumbrance in the belief that no junior liens encumber the subject premises, and it later appears that intervening liens existed," UPS Cap. Bus. Credit v. Abbey, 408 N.J. Super. 524, 529 (Ch. Div. 2009);

and it appearing that those conditions were satisfied here, see R&R at 3-7 (explaining that "the proceeds of PrivCap's mortgage loan were used to pay off the Peapack Gladstone Bank mortgage, which in turn, had paid off the Customers Bank mortgage, which predated the State's Judgment");

and it appearing that Judge Wettre also concluded that Defendant would not be materially prejudiced by the application of equitable subrogation because the State's 2015 judgment "was always positioned behind a superior mortgage interest," R&R at 9-10;

and it appearing that Defendant's allegation of prejudice is unfounded insofar as its "expectation at the time the Customer's Bank Mortgage was issued . . . was that it would be first priority" is speculative, Def. Mem. at 4, ECF. No. 153;

and it appearing that subrogation is an equitable doctrine within the discretion of the Court, see In re Awad, No. 08-19492, 2009 WL 3489412, at *2 (D.N.J. Oct. 22, 2009);

and it appearing that the Court is satisfied the Magistrate Judge did not abuse her discretion and properly concluded that the State would not be prejudiced by application of the doctrine;

**CLOSING**

and for the reasons set forth in Judge Wettre's R&R;

**IT IS** on this 31st day of May, 2023;

**ORDERED** that Judge Wettre's R&R is **ADOPTED** and Plaintiff's Motion is **GRANTED** and the matter is **CLOSED**.

/s Madeline Cox Arleo
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**